## UNITED KANSAS PORTLAND CEMENT CO. v. HARVEY.

### (Circuit Court of Appeals, Eighth Circuit. July 23, 1914.)

#### No. 4069.

1. COURTS (§ 347*)—OBJECTION TO EVIDENCE ON GROUND OF INSUFFICIENCY OF PETITION.

The practice of objecting to the introduction of any evidence in a cause on the ground that the petition or complaint does not state a cause of action is very objectionable, and is not recognized in the federal courts, even though it may be permitted in the courts of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

2. PLEADING (§ 406*)—WAIVER OF OBJECTIONS TO PETITION OR COMPLAINT—FILING OF ANSWER.

In the federal courts it is only when a defect in a petition is of such a nature that it cannot be cured by the verdict of a jury, and therefore can be taken advantage of by a motion in arrest of judgment after verdict, that it is not waived by the filing of an answer, which operates as a waiver of all technical defects.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. § 406.*]

3. APPEAL AND ERROR (§ 889*)—REVIEW—PLEADING—AMENDMENT—TREATING PETITION AS AMENDED.

Under Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), which permits the amendment of pleadings to conform to the proofs, where evidence was introduced by both parties with respect to a matter which was material, the petition will be treated as having been amended, when necessary to properly put such matter in issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3621, 3622; Dec. Dig. § 889.*]

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by Fred Harvey against the United Kansas Portland Cement Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. M. Langworthy, of Kansas City, Mo. (William Warner, O. H. Dean, W. D. McLeod, and O. C. Mosman, all of Kansas City, Mo., on the brief), for plaintiff in error.

H. P. Farrelly, of Chanute, Kan. (T. R. Evans, of Chanute, Kan., Hal R. Clark, of Independence, Kan., and S. W. Brewster, of Chanute, Kan., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and REED, District Judges.

TRIEBER, District Judge. The defendant in error, who will be referred to as the plaintiff, sued the plaintiff in error, who will be referred to as the defendant, to recover damages for injuries sustained by him, while in the employ of the defendant, by reason of the failure of the defendant to exercise reasonable diligence in furnishing him a reasonably safe place in which to work.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The material allegations of the petition are that on September 3, 1908, the plaintiff was employed by the defendant as an oiler for eight tubemills located in a room of defendant's cement plant, known as the tubemill room; that these tubemills were located in a line running north and south, and were used for grinding and pulverizing into fine dust material for use in another department; that said dust was emptied from the mills into a long box about 2 feet across from side to side and about 18 inches from top to bottom, the top of the box being about 4 feet above the floor; that inside of said box was a large, heavy, steel auger or screw, which was used for forcing the dust from said mills along and through said box or trough to a place known as an elevator; that said elevator carried it to another portion of the plant; that the trough, when in proper condition, was covered with boards and the elevator was entirely closed; that the trough was constantly covered with a coating of dust, such as was being conveyed by the steel auger along the inside of said trough, so that the cover or top of said box was entirely concealed from view by the said dust; that the plaintiff had no reason to know that said boards were loose or liable to be displaced from their position; that prior to the accident which caused his injury some of said boards covering the trough were carelessly and negligently left in a loose condition, so that the same could be displaced, but that the defendant failed to in any manner safeguard said place where said boards were left loose, or to inform plaintiff of its unsafe condition. That it was necessary for the plaintiff, in the performance of his duties, to go upon said trough and walk along upon it while passing from one tubemill to another and stand upon it while performing his duties in oiling said mills; that it was wholly practicable to place railings around the place where the boards were loose and unfastened, and also to place notices informing those who in the discharge of their duties had to go upon said trough that the boards were loose; that while performing his duties he stepped on the trough, supposing it to be covered, but the cover was off and his foot passed through the opening, and was injured by the steel auger in the trough. The petition then charges, among other acts of negligence which caused his injury, that he was not notified that there were loose boards upon said trough, and that defendant was guilty of carelessness and negligence in failing to inspect and keep said boards on the top of said trough firmly fastened and secure in their places on top of said trough, and that by the exercise of reasonable diligence the defendant would have known that the said board was out of its place, and that plaintiff was liable to be injured in passing over the same while in the discharge of his duties.

The defendant filed an answer containing a general denial, and in addition thereto pleaded: (1) Contributory negligence; (2) assumption of risk; and (3) that the injuries were caused by the negligence of a fellow servant.

[1] After the jury had been impaneled and sworn and counsel for both parties had made their opening statements to the jury, when the first witness was introduced by the plaintiff, the defendant objected to the introduction of any evidence "for the reason that the petition shows on its face that the plaintiff is not entitled to recover," which objection

having been overruled an exception was saved, which constitutes one of the assignments of error urged in this court. This practice is very objectionable and is not recognized in the national courts of this jurisdiction. The fact that it may be permitted in the courts of the state where this cause was pending is immaterial. Boatmen's Bank v. Trower Bros. Co., 181 Fed. 804, 807, 104 C. C. A. 314. Nor does it apply even in criminal cases where technical rules of practice are much more strictly observed than in civil cases. Morris v. United States, 161 Fed. 672, 678, 88 C. C. A. 532.

[2] Such a practice can only serve as a trap. If the petition states a good cause of action but is technically defective, it should be raised by demurrer, and the plaintiff thus given an opportunity to amend. When an answer to the merits is filed, it is an admission on the part of the defendant that the petition is not technically objectionable, and no defect of that nature can be taken advantage of thereafter. It is only when the defect of the petition is of such a nature that it cannot be cured by the verdict of the jury, and therefore can be taken advantage of by a motion in arrest of judgment after verdict, that is not waived by filing an answer. It is not right that the plaintiff should be misled by the defendant into the belief that there are no technical defects in his petition, and that his cause will be tried on the merits, and after he has been put to the expense of bringing his witnesses a considerable distance, which is usually the case when the cause is to be tried in a national court, and then, after the jury has been sworn, either take a nonsuit or submit to a judgment against him, or at least consent to a continuance of the cause. It is true, under the common-law practice, when pleadings were considered of greater importance than the substantial rights of the parties, this practice was very common, but at this day it is universally recognized that courts are intended to promote the ends of justice and will disregard all technicalities which tend to defeat them.

The first Congress of the United States, when it enacted the first judiciary act in 1789, recognized this evil and sought to remedy it. Section 32, Act Sept. 24, 1789, c. 20, 1 Stat. 91, digested as section 954, R. S. (U. S. Comp. St. 1901, p. 696). This section provides:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall in its discretion and by its rules, prescribe."

In Bell v. Railroad Co., 4 Wall. 598, 18 L. Ed. 338, it was held that by a plea to the merits, and the parties going to a trial, all antecedent irregularities are waived.

In Oregon R. R. & Navigation Co. v. Dumas, 181 Fed. 781, 104 C. C. A. 641, it was held that "a demurrer to a complaint for want of facts is waived by an answer to the merits."

But aside from this, the petition states a good cause of action. The motion was properly overruled.

There are a number of assignments of error, but counsel in their brief and oral argument rely solely on the insufficiency of the evidence for submission to the jury. Counsel in their brief say:

"The sole question presented for the determination of this court is whether under the pleadings and *the evidence* in the case, the court committed error in refusing to sustain the demurrer to the evidence, and in refusing to give the peremptory instruction requested by the defendant at the close of the entire case."

[3] It is claimed that, as there was no allegation in the petition that the cover of the trough was removed by the natural operation of the plant by reason of the fact that the cover was not fastened, it was error to submit it to the jury. But the record shows that both parties introduced evidence on that point. Under the liberal practice now universally recognized by the courts, and as authorized by section 954, R. S., it would have been proper to amend the petition to conform to the proof; there being no claim that the defendant was surprised by this evidence.

In Derham v. Donohue, 155 Fed. 385, 83 C. C. A. 657, 12 Ann. Cas. 372, this court held that under the statute of jeofails (section 954, R. S.) where the defendant could not have been misled in his preparation for trial, it is the duty of the court to permit an amendment, if necessary. As stated in Reynolds v. Stockton, 140 U. S. 254, 266, 11 Sup. Ct. 773, 35 L. Ed. 464, in speaking of a case in which, while the matter was not, in fact, put in issue by the pleadings, but evidence had been introduced by both parties, and the matter actually litigated:

"In such a case the proposition so often affirmed, that that is to be considered as done which ought to have been done, may have weight, and the amendment which ought to have been made to conform the pleadings to the evidence may be treated as having been made."

And this rule prevails in the courts of Kansas. Wilkins v. Tourtellott, 29 Kan. 514; Organ Co. v. Lasley, 40 Kan. 521, 20 Pac. 228; Excelsior Mfg. Co. v. Boyle, 46 Kan. 202, 26 Pac. 408.

It is next claimed that the evidence shows that the cover was removed and left off by a fellow servant. The witness McCormick testified that the boards were removed by one Copenhauer, a fellow servant of the plaintiff. But Copenhauer, who was also a witness for the defendant, on his direct examination, positively denied this. Besides, that question was not submitted to the jury. The court held that on that ground the plaintiff could not recover, and submitted the case alone on the question whether the top of this box came off through the operation of the mill and from the manner in which it was operated. There was substantial evidence that when the trough would fill up with the dust, unless it was cleaned out, it would force the boards, which were lying loose on the top of the trough, off, and that by reason of the accumulation of dust and the dim light in the room the fact that the top was off would not be noticed by one engaged in work as was the plaintiff. It also appears that the top could have been placed on hinges and properly fastened so that it would not be forced off by the dust.

As it was not claimed in the argument that the court erred in its charge to the jury on that point, and a careful examination of the charge shows no error, the finding of the jury is conclusive, and therefore the judgment is affirmed.