## DAMICO v. FIREMEN'S FUND INS. CO.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1925.)

No. 6739.

1. **Insurance** ⟨⟩552—Excessive valuation of property destroyed will not defeat recovery unless knowingly, intentionally, and fraudulently made.

Excessive valuation of property destroyed in proof of loss will not prevent recovery, unless such valuation was knowingly and intentionally made with fraudulent purpose.

2. **Appeal and error** ⟨⟩719(7)—Consideration of alleged error in instruction not assigned in manner prescribed by court rule held unwarranted.

Court's consideration of alleged error in instruction, where such error was not assigned as required by Circuit Court of Appeals rule 11, held unwarranted where law covered by instruction complained of was correctly stated in several other places, and where verdict against plaintiff in error might have been based on ground other than that to which instruction related.

3. **Appeal and error** ⟨⟩719(1)—Statute requiring court to give judgment without regard to technical errors held not to require review of errors not assigned in manner prescribed by court rule.

Act Feb. 26, 1919, amending Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), requiring court after examination of entire record to give judgment without regard to technical errors, does not require court to review errors not assigned in accordance with Circuit Court of Appeals rule 11.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Action by Sam Damico against the Firemen's Fund Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles M. Hay, of St. Louis, Mo. (Charles A. Lich and F. M. Curlee, both of St. Louis, Mo., on the brief), for plaintiff in error.

Walter H. Saunders, of St. Louis, Mo. (John S. Leahy and Lambert E. Walther, both of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

LEWIS, Circuit Judge. Damico sued defendant in error on a policy of insurance against fire, covering his stock of groceries, confections, soda fountain and supplies, furnishings and fixtures therewith, situate in a one-story building at 280–282 De Baliviere street, St. Louis; and there was verdict and judgment for defendant.

The policy provided that in event of fire the insured should render to the insurer a statement signed and sworn to by him, stating among other things, the value of the property and the amount of loss, and that the entire policy should be void "in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." The answer set up two special defenses—that the fire which damaged and consumed in part the property was of incendiary origin attributable to Damico; and that in his written verified proof of loss he knowingly and intentionally grossly overvalued the property with the intent of defrauding the insurer. There was substantial evidence in support of each defense and both were submitted to the jury. No exceptions were saved to the court's instructions, and the one point relied on for reversal is a statement of the court made in connection with its instruction on the burden of proof:

" * * * That if you find from the evidence that the claim made by plaintiff in his proofs of loss was clearly excessive, then this is a material statement under the terms of the policy and plaintiff cannot recover."

[1] It is contended, and the soundness of

the contention is not challenged by counsel for defendant in error, that excessive valuation in the verified proof of loss will not prevent recovery unless that valuation was knowingly and intentionally made with fraudulent purpose. Insurance Co. v. Weide, 14 Wall. 375, 382, 20 L. Ed. 894; Columbian Ins. Co. v. Modern Laundry (C. C. A.) 277 F. 355, 20 A. L. R. 1159, 1164; Spring Garden Ins. Co. v. Amusement Syndicate Co., 178 F. 519, 102 C. C. A. 29.

[2] Rule 11 of this court makes provision for assignment of errors and the steps required to preserve them and present them here. The error now complained of and relied on was not assigned, and the plaintiff in error wholly failed to comply with that rule; but we are asked to exercise our option, reserved by the rule, and notice the error though not assigned. We are not persuaded that we should do so. The trial court, in submitting defendant's special defense based on its claim that the verified proof of loss was fraudulently made, instructed the jury that before they could find for defendant on that issue they must believe from the evidence that the actual loss and damage occasioned to plaintiff by the fire was materially less than stated in the verified proof, and that plaintiff made the statement therein willfully and falsely for the purpose of deceiving or defrauding the defendant. This instruction was in substance repeated three times thereafter; and the jury was further instructed that the burden of proof was on the defendant to establish by a preponderance of evidence the two special defenses. We are, therefore, not convinced, as we should be when the rule of court is not complied with, that the jury was undoubtedly misled by the error complained of, to the great prejudice of plaintiff below. Another reason of like character which induces us not to exercise the option reserved by the rule is the fact that the verdict may have been based entirely on the defense that the fire was of incendiary origin for which the plaintiff was responsible. Observance of the rule is in furtherance of public interest as well as that of the litigants. We do not doubt that the trial court would have corrected the error at the time it was made, if counsel had called it to the court's notice. The correct principle had been stated more than once to the jury when it was being instructed on that special defense. No objection and exception were made and reserved at the time which called the court's attention to the point. It now comes as an afterthought or else, considering the entire charge, it was not then believed to be misleading and prejudicial.

[3] It is also urged upon us that because the Act of February 26, 1919 (40 Stat. 1181), amending section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246), provides that "the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties," that we are required to take notice of the error, though not assigned, and reverse the trial court. That question was carefully considered by this court in Feinberg v. United States, 2 F.(2d) 955, and we held that it was not the intention of the amendment to require a review of errors not assigned as though they had been assigned, that the appellate court would not review claimed errors when there was a failure to properly save them in the record; and we expressed the conclusion that that was the view of the Supreme Court, because it has held since the amendment that a proper objection or exception to instructions given or refused is essential to procure a review by the appellate court.

The judgment is affirmed.