**SOUTHERN SURETY CO. v. LEE COUNTY BANK, TITLE & TRUST CO., OF FT. MYERS, FLA.**

Circuit Court of Appeals, Eighth Circuit. November 18, 1929.

No. 8575.

Wayne Ely and Roland F. O'Bryen, both of St. Louis, Mo., for appellant.

Paul Bakewell, Jr., of St. Louis, Mo., for appellee.

Before STONE, BOOTH, and GARDNER, Circuit Judges.

STONE, Circuit Judge. This is an action upon a bond. A demurrer was sustained to the answer as insufficient. Thereafter, and without leave, the same answer was refiled. Thereafter a motion was filed to strike the later answer as a frivolous pleading and for a judgment by default. The court sustained the motion to strike and denied the motion for judgment, giving defendant ten days to plead. No subsequent pleading was filed by defendant. Several months thereafter the court took the matter up as a default and had an inquiry as to damages under a written stipulation waiving a jury. From the judgment entered thereon, this appeal is brought.

The assignment of errors are: "I. The Court erred in sustaining plaintiff's motion to strike out defendant's answer. II. The Court erred in finding and entering judgment for plaintiff and against defendant. III. The plaintiff failed to prove any damages and the judgment assessing damages for the plaintiff and against defendant is erroneous."

I. Appellant argues that the court erred in striking its answer because the answer contained a valid defense. Under the record of this case, that question is not open here. The answer stricken was the same to which a demurrer had been sustained. When the court sustained a demurrer to the sufficiency of the answer, it was an adjudication that the answer was, in law, insufficient. If appellant had confidence in the answer and wished to test the ruling of the court thereon, and, if the ruling were wrong, to have the defenses in the answer placed on trial, there was a simple well-known procedure to be followed. That procedure was to stand upon the answer and suffer judgment. This it did not do. It had no right to refile the same answer without leave of court. Such answer, refiled without leave, was a frivolous pleading which the court properly struck out. This action was no adjudication upon the sufficiency of the answer as such. It was a move to protect the orderly procedure of the court, and was, for that reason and under these circumstances, entirely proper. The propriety of the order sustaining the demurrer is not preserved in any assignment of error and is not before us; also there was no exception to such order.

II. The second of the above assignments presents no matter for review. Lahman v. Burnes Nat. Bank, 20 F.(2d) 897, 899, this court.

III. The third assignment is not reviewable because the case was tried to the court under written stipulation waiving jury and appellant did not, by motion, request, or some like action in the trial court, present to that court, secure ruling thereon, and, by exception to such ruling, preserve the sufficiency of the evidence as to damages. Allen v. Cartan & Jeffrey Co., 7 F.(2d) 21, 22, this court.

The judgment is affirmed.