## SCHMIDT v. UNITED STATES.
### No. 9607.

Circuit Court of Appeals, Eighth Circuit.
Jan. 19, 1933.

G. E. Price, of Lincoln, Neb., for appellant.

Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb. (Charles E. Sandall, U. S. Atty., of Omaha, Neb., F. H. Wagener, Atty., Veterans' Administration, of Lincoln, Neb., and Ambrose C. Epperson, Edson Smith, and Lawrence I. Shaw, Asst. U. S. Attys., all of Omaha, Neb., on the brief), for the United States.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

GARDNER, Circuit Judge.

This is an action to recover on a contract of war risk insurance.

William Rice was inducted into the military service of the United States on September 25, 1917, at Tombstone, Ariz., and was received at Camp Funston, Kan., on November 22, 1917. He applied for war risk insurance on February 2, 1918, and paid one month's premium. His insurance in terms lapsed for nonpayment of premiums March 1, 1918, but through the grace period the contract was extended until midnight March 31, 1918.

He was admitted to the hospital at Fort Riley, Kan., December 12, 1917, for observation for pulmonary tuberculosis. On February 8, 1918, he was again admitted to the base hospital, for chronic pulmonary tuberculosis. The record of the base hospital contains a notation to the effect that his tuberculosis "existed prior to draft." He was in the hospital thirteen days in December, 1917, was in quarters ten days in January, 1918, and was in the hospital fifteen days in February, 1918.

The hospital records, made a part of his service record, show that he had night sweats and chills November 28, 1917; that in exercising he became weak and short of breath; that he was in a sanitarium for six months in 1915 with cold, rheumatism, and cough; that he was sick most of the time since 1915, with night sweats, cough, dyspnea, general malaise, and inordinate appetite. He was sick at the time he left Arizona for Camp Funston. He in fact left California for Arizona because of failing health in July, 1917. The record shows that he did not drill

a day while in the army, although he testified that he did drill.

He was discharged from the service February 18, 1918, because of pulmonary tuberculosis.

The testimony tended to show that since his discharge a condition of tuberculosis had prevented his working, and kept him in the hospital a great part of the time.

The action is prosecuted in insured's behalf by his guardian, because in 1928 his wife had him committed to the Nebraska State Hospital for the Insane.

At the conclusion of all the evidence, the court, on motion of the government, directed a verdict in its favor, and from the judgment entered thereon this appeal is prosecuted on the following assignments of error:

(1) The evidence introduced at the trial was of such character that it clearly indicated and established that the appellant herein was permanently and totally disabled at the time his insurance lapsed and for that reason the action of the trial court at the close of appellant's case, in instructing the jury to return a verdict in favor of the appellee and against the appellant, is contrary to the law and evidence.

(2) That the court erred in granting the appellee's motion for a directed verdict in favor of the appellee.

(3) That the court erred in entering judgment upon said verdict for appellee and against appellant.

(4) The court erred in overruling certain objections made by the appellant to the testimony of the appellee.

(5) There was no substantial evidence given at the trial to sustain the action of the court in instructing the jury at the close of the trial to return a verdict in favor of the appellee and against the plaintiff.

■ At the threshold of this inquiry, we may dispose of assignments 2, 3, and 4, because they are insufficient to present any question for review. Federal Surety Co. v. Standard Oil Co. (C. C. A. 8) 32 F.(2d) 119; Wagner Electric Corp. v. Snowden (C. C. A. 8) 38 F.(2d) 599; Flanagan v. Benson (C. C. A. 8) 37 F.(2d) 69; Southern Surety Co. v. Lee County Bank, Title & Tr. Co. of Ft. Myers, Fla. (C. C. A. 8) 36 F.(2d) 220; Lahman et al. v. Burnes Natl. Bank (C. C. A. 8) 20 F.(2d) 897.

■ The remaining assignments preserve for review the action of the court in directing a verdict in favor of the defendant.

The lower court took the view that the evidence showed that insured was totally and permanently disabled at and prior to the time he took the insurance, by reason of the tubercular trouble, which he alleged existed on February 18, 1918, when he was discharged, and which has existed since that time, and that being so disabled when the insurance was obtained, he could not recover.

On this appeal, appellant contends that the answer did not present such an issue. The complaint alleged total and permanent disability on February 18, 1918, and subsequent thereto. The answer, so far as pertinent, was in the nature of a general denial. There was no affirmative defense pleaded to the effect that there was a breach of warranty or misrepresentation as to condition of health when the application was made, or when the insurance became effective.

■ It is urged on behalf of the government that the assignment of errors is insufficient to present to this court any question of the sufficiency of the answer in this respect. It will be observed that the assignments are very general in form. The first alleges that the evidence clearly indicated and established that the appellant was permanently and totally disabled at the time his insurance lapsed and "for that reason the action of the trial court in instructing the jury to return a verdict in favor of the appellee and against the appellant is contrary to the law and the evidence." The fifth assignment is equally general. They are not sufficient to present the question of the failure of the answer to plead an affirmative defense.

■■ This court may, in order to prevent a miscarriage of justice, notice a plain and serious error, though unassigned. New York Life Ins. Co. v. Rankin (C. C. A. 8) 162 F. 103; United States v. Bernays (C. C. A. 8) 158 F. 792; Radetsky v. Gramm-Bernstein Motor Truck Co. (C. C. A. 8) 4 F.(2d) 965; San Antonio & A. P. R. Co. v. Wagner, 241 U. S. 476, 36 S. Ct. 626, 628, 60 L. Ed. 1110; Mahler v. Eby, 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549; Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697; Weems v. United States, 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705. This question of pleading, however, is not so serious as to impel a consideration of the alleged error not presented in accordance with the rule of this court, requiring appellant to file with the clerk of the court below, with his petition for the appeal, "an assignment of errors, which shall set out separately and particularly each error assert-

ed and intended to be urged." Rule 11. Appellant was silent on the point in the lower court, and it is apparent that had the question been there raised at the time the court was considering the motion for a directed verdict an amendment might very properly have been allowed.

In San Antonio & A. P. R. Co. v. Wagner, supra, the Supreme Court, in referring to an omission of pleading below not assigned as error, said: "The omission may have been due to an oversight that would have been corrected if the point had been properly raised by the present plaintiff in error in the state courts."

This court, in Damico v. Firemen's Fund Insurance Co. (C. C. A. 8) 5 F.(2d) 318, 319, in refusing to consider an unassigned error, said: "Observance of the rule is in furtherance of public interest as well as that of the litigants. We do not doubt that the trial court would have corrected the error at the time it was made, if counsel had called it to the court's notice."

■ But quite aside from the fact that appellant did not preserve this point in the lower court, and has not assigned it as error, it is clear that his position is not tenable. The record is void of any objection or exception to the effect that this issue was not properly before the court; and whether the issue was tendered by the pleadings or not becomes of no importance because it was presented without objection by the evidence.

In Union Pacific Railway Co. v. Thompson, 75 Neb. 464, 106 N. W. 598, 600, the Supreme Court of that state said: "It is familiar law that where evidence is taken without objection on a question not put in issue by the pleadings, the admission of the evidence makes it an issue, and the court cannot exclude it by an instruction, nor can the party on appeal urge that it was not an issue in the case."

In Bank of Havelock v. Western Union Telegraph Co. (C. C. A. 8) 141 F. 522, 528, 4 L. R. A. (N. S.) 181, 5 Ann. Cas. 515, this court, speaking by the late Judge Sanborn, said: "The trial of issues tendered by a pleading, in the absence of a plea, answer, or replication which raises them, as though they had been thus presented, estops the parties from subsequently denying that the issues were properly made, and from taking any advantage of the absence of such a plea, answer, or replication."

■ In its brief appellee requests this court to allow an amendment to the answer to plead total and permanent disability before the insurance was effective. In support of the judgment, this court could undoubtedly permit such an amendment. Page v. Natural Gas & Fuel Co. (C. C. A. 8) 35 F.(2d) 462; Norton v. Larney, 266 U. S. 511, 45 S. Ct. 145, 147, 69 L. Ed. 413.

In the last-cited case it is said: " * * * Where the amendment must necessarily be allowed by the trial court, it would be mere ceremony to reverse the decree and remit the purely formal making of the amendment to the lower court."

There is respectable authority for the holding that such an amendment in support of the judgment may be treated as having been made in the lower court. Where the trial court receives evidence without objection, the pleadings will, on appeal, be presumed to have been amended if such amendment is necessary to support the judgment, and this court may presume the pleadings to have been amended to conform to the proof, or will permit an amendment in this court where the record so warrants. El Dorado Refining Co. v. Lientz (C. C. A. 8) 7 F.(2d) 814; United Kansas Portland Cement Co. v. Harvey (C. C. A. 8) 216 F. 316, 319; Haley v. Kilpatrick (C. C. A. 8) 104 F. 647.

In United Kansas Portland Cement Co. v. Harvey, supra, quoting with approval from Reynolds v. Stockton, 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464, this court said: " 'In such a case the proposition so often affirmed, that that is to be considered as done which ought to have been done, may have weight and the amendment which ought to have been made to conform the pleadings to the evidence may be treated as having been made.' "

The allowance of the amendment cannot prejudice appellant, and hence we may treat the pleading as having been amended. The error, if one, is purely technical and must be disregarded. Title 28, USCA, § 391; title 28, USCA, § 777.

■ Did the evidence show that insured was totally and permanently disabled at and prior to the time he secured his insurance contract? In addition to the hospital and service records above referred to, concerning insured's condition of health, Dr. Steenberg, called on behalf of insured, testified that in his opinion Rice had chronic acute tuberculosis during the thirteen days in December, 1917, that he was in the hospital, and during the ten days in January, 1918, and that for three or four weeks prior to February 18, 1918, he was totally and permanently disabled. Dr. Ma-

gruder, called by the government, testified that in his opinion, if Rice was totally and permanently disabled on February 18, 1918, he was on January 31, 1918, which was prior to the issuance of the insurance contract. There is no substantial evidence that insured became permanently and totally disabled during the short period covered by his contract of insurance.

It remains to consider whether, if total and permanent disability existed at and prior to the time the insurance contract became effective, the government became liable under its insurance contract.

It is argued by appellant that these war risk insurance contracts were issued without medical examination, and hence they were intended to become effective whether the insured was disabled or not at the time of entering into the contract. By Bulletin No. 1, issued October 15, 1917, by the War Risk Insurance Bureau, a form of certificate of insurance was promulgated for the purpose of advising every man taking insurance, what the provisions of his policy were. This certificate provided in part as follows: "If the insured became totally and permanently disabled before this policy was applied for, it shall nevertheless be effective as life insurance, but not as insurance against disability."

We are of the view that recovery can only be had when the insured became totally and permanently disabled while the policy was in effect. The contract is one of insurance, rather than one of indemnity, and it insures against death or total and permanent disability. To give rise to a liability, either death or total and permanent disability must occur while the policy is in force. Total and permanent disability which existed at and prior to the time the insurance was applied for could not, by any reasonable construction, be held to be covered by the contract of insurance. Anderson v. United States (C. C. A. 9) 36 F.(2d) 45, 46; Jordan v. United States (C. C. A. 9) 36 F.(2d) 43, 44, 73 A. L. R. 312; Davis v. United States (D. C. Va.) 57 F.(2d) 871; Boulger v. United States (D. C. Mass.) 60 F.(2d) 560.

In Anderson v. United States, supra, it is said: "By section 13 of the Act of October 6, 1917, 40 Stat. 399, the Director of the Bureau of War Risk Insurance was authorized to make rules and regulations necessary or appropriate to carry out the purpose of the act, and by section 402 it was provided 'that the Director, subject to the general direction of the Secretary of the Treasury, shall promptly determine upon and publish the full and exact terms and conditions of such contract of insurance.' 40 Stat. 409. Accordingly, in Bulletin No. 1, published on October 15, 1917, it was provided, among other things, that policies should contain the provision that, 'if the insured became permanently or totally disabled before this policy was applied for, it shall, nevertheless, be effective as life insurance, but not against such disability.' This limitation or restriction, we think, was not in conflict with the terms of the act and was valid, and it is to be deemed a part of the policy issued to appellant upon his application made February 8, 1918."

In Jordan v. United States, supra, the court, quoting with approval from the Attorney General's opinion, said inter alia: "However, what is provided for is a contract of insurance against something that may happen and not of indemnity for something which has already happened."

We conclude that the court correctly directed a verdict for the defendant, and the judgment appealed from is therefore affirmed.