## BROWN SHEET IRON & STEEL CO. v. MAPLE LEAF OIL & REFINING CO., LIMITED.

### No. 9753.

Circuit Court of Appeals, Eighth Circuit.

Jan. 26, 1934.

Rehearing Denied March 7, 1934.

H. V. Mercer, of Minneapolis, Minn., for appellant.

Chester W. Johnson, of Minneapolis, Minn., for appellee.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

Appellee as plaintiff below brought this action for damages for breach of warranties alleged to have been made by appellant in connection with the sale by it of a certain steel and iron storage tank. The action was tried to a jury and resulted in a verdict in favor of appellee in the sum of $15,000, and from the judgment entered thereon defendant has appealed.

The parties will be referred to as they appeared in the lower court.

Various errors are assigned which may be summarized as follows: (1) The court erred in overruling defendant's demurrer to the complaint; (2) the court erred in refusing to require the plaintiff to make its complaint more definite and certain, or to strike out the complaint; (3) the court erred in entering judgment in favor of the plaintiff for damages on the complaint; (4) the court erred in refusing to sustain defendant's motion to arrest the judgment; (5) the court erred in submitting said cause to a jury under the pleadings; and (6) the court erred in refusing to grant a judgment notwithstanding the verdict.

The assignments thus summarized are elaborated more or less, but in the view we take of the issues as presented by the record, further details of the assignments are not material.

A demurrer was filed to the original complaint, and this was sustained with leave to the plaintiff, however, to amend. Plaintiff

then filed an amended complaint, to which defendant again demurred, which demurrer the court overruled, allowing the defendant time within which to file an answer. Defendant then filed a motion to strike the amended complaint, or, in the alternative, to make it more definite and certain. The court entered its order requiring certain portions of the complaint to be made more definite and certain, granting plaintiff time within which to comply with the order granting defendant time within which to file answer, and denying the motion in so far as it asked to strike the complaint. Plaintiff then filed its second amended complaint. To this complaint defendant interposed neither demurrer nor motion, but filed its answer. Plaintiff then filed reply to the affirmative allegations of the answer, and thereafter the cause was tried upon its merits.

The record contains no bill of exceptions, and hence, there is not presented for review any alleged errors at law occurring during the trial of the action; nor may we review the sufficiency of the evidence to sustain the judgment.

There were, as has been noted, certain demurrers and motions interposed by the defendants directed to the original complaint and the first amended complaint. After these had been disposed of by the court, the plaintiff, in compliance with the order of the court, filed its second amended complaint. To this pleading defendant took no exception, either by demurrer or motion, but filed answer. We need not, therefore, give attention to the previous pleadings, nor any of the rulings with reference thereto. They were superseded by the second amended complaint, and defendant having answered this complaint, waived its right to demur thereto.

The only record properly before us is the judgment roll. In this condition of the record, all intendments are to be indulged in support of the judgment. If the judgment is sustained by the pleadings, it should be affirmed. In the absence of a bill of exceptions bringing up the evidence and the rulings of the court during the trial of the action, we must presume that the verdict and judgment are sustained by substantial evidence. We do not deem it important to analyze the various allegations of the complaint, but we think they are sufficient, at least after judgment, to sustain the judgment.

Presuming, as we must, that the evidence amply sustained the judgment, we

should, if necessary to support the judgment, presume that the pleadings were amended. 28 USCA § 777; El Dorado Refining Co. v. Lientz (C. C. A. 8) 7 F.(2d) 814; United Kansas Portland Cement Co. v. Harvey (C. C. A. 8) 216 F. 316; Haley v. Kilpatrick (C. C. A. 8) 104 F. 647; Schmidt v. United States (C. C. A. 8) 63 F.(2d) 390; Reynolds v. Stockton, 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464.

It is also urged that the court erred in not arresting judgment, and in refusing to grant judgment, notwithstanding the verdict. These assignments are not argued in the brief of counsel, and manifestly, these orders are not reviewable on this appeal.

The judgment appealed from is therefore affirmed.