## UNITED STATES v. DOMANGUE et al.
### No. 5518.

Circuit Court of Appeals, Seventh Circuit.
Nov. 8, 1935.

Michael L. Igoe, U. S. Atty., of Chicago, Ill., and Will G. Beardslee, Director, Bureau of War Risk Litigation, J. Gregory Bruce, and Robert F. Klepinger, all of Washington, D. C., for the United States.

Edward H. S. Martin, of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This is an appeal by the government from a judgment in favor of plaintiffs in a suit brought to recover benefits under a contract of war risk term insurance, and presents the single question of whether there is substantial evidence that the insured became totally and permanently disabled within the meaning of his contract of war risk insurance between August 13, 1918, the date it was issued, and December 1, 1918, when it lapsed.

Joseph Domangue enlisted for military service in the United States Army on the 9th of August, 1918, and was discharged therefrom on the 28th of October, 1918, as unfit for duty on account of gonorrheal urethritis, found upon the statement of the soldier himself to have been contracted prior to entry into the service. It was also stated in the certificate of disability for discharge that the man was not improved by treatment, and that, in view of his previous occupation, he was one-fifth disabled from earning a subsistence.

It is the contention of appellees, and the court below found, that during the life of the insurance contract, and on, to wit, October 28, 1918, the said Joseph Domangue became totally and permanently disabled.

On May 17, 1919, the veteran was operated on for acute appendicitis and septic peritonitis. He died following an operation for adhesions in June, 1921. The appellee, Jennie F. Domangue, is the mother of the insured and the beneficiary named in the contract; the appellee, the Trust Company of Chicago, is the administrator of the estate of Joseph Domangue.

On this appeal, appellant's assignments of error are all directed to the contention that there was no substantial evidence to support the finding of the trial judge that Joseph Domangue became totally and permanently disabled while his contract of insurance was in force. What constitutes substantial evidence in cases of this character has been so frequently stated by the courts as to need no restatement here. This case differs materially from those where the veteran is discharged from the army in apparent good health and actually works and supports himself for a considerable period of time. In the instant case, the soldier was discharged as unfit for military service with a statement that his condition did not improve upon treatment. There is evidence, principally that of lay witnesses, that he was totally disabled from the time he returned to his home and his condition remained practically unchanged until the time of his death. He did no work, and the evidence strongly suggests his inability to work; he stayed around his home, sometimes in bed and sometimes up and about with a cane. This evidence, together with the statement of a physician who examined him six months after his discharge that at that time the disease had progressed to a ·place where it was incurable, furnishes ample support for the finding of the trial judge.

Appellant also contends that if total and permanent disability existed at the time the policy lapsed, it antedated the is-

648

suance of the contract, and under such circumstances recovery is precluded. Schmidt v. United States (C. C. A.) 63 F.(2d) 390; Mason v. United States (C. C. A.) 75 F. (2d) 54; United States v. Kaminsky (C. C. A.) 64 F.(2d) 735.

There is some evidence in the record to support this conclusion. However, the probability that a person who was both totally and permanently disabled from following any gainful occupation would be accepted for military service is so slight that we do not hesitate, under the circumstances of the instant case, to hold that the finding by the Medical Advisory Board, on his admission to the service, that he was qualified for general military service rebuts any inference that might be drawn from other parts of the record to the effect that the insured was totally and permanently disabled before the policy came into effect.

The judgment is affirmed.