## JORDAN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1929.

No. 5916.

F. C. Struckmeyer and I. A. Jennings, both of Phœnix, Ariz., and Alvin Gerlack of San Francisco, Cal., for appellant.

John C. Gung'l, U. S. Atty., of Tucson, Ariz., and J. O'C. Roberts, Asst. Gen. Counsel, and James T. Brady, Lawrence A. Lawlor, and C. L. Dawson, Attys., U. S. Veterans' Bureau, all of Washington, D. C., for the United States.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This was an action on a policy or policies of war risk insurance. The complaint alleged that on February 5, 1918, the plaintiff enlisted in the military service of the United States; that upon his application there was issued to him a policy of war risk insurance, whereby, in consideration of the premiums paid and to be paid, the United States obligated itself, among other things, to pay to him the sum of $10,000, in monthly installments of $57.50 each, in the event of his permanent and total disability, commencing at the date of such disability; that prior to and during the month of June, 1918, while the policy was in full force and effect, the plaintiff developed and became afflicted with epilepsy; that because of such

44

epilepsy he became, on or about July 1, 1918, totally and permanently disabled; that plaintiff was discharged from the military service of the United States on September 14, 1918; that he has paid all premiums and has performed all covenants and agreements by him to be kept and performed; that the policy is now and ever since February 5, 1918, has been in full force and effect; that prior to July 11, 1927, plaintiff made demand on the Director of the Veterans' Bureau for the payment of the insurance; and that a disagreement has arisen between the bureau and the plaintiff over the claim. The answer denied the total and permanent disability as alleged and averred affirmatively that, if the plaintiff was disabled at all, he was as much disabled at the time of the issuance of the policy as at any time subsequent thereto, and that he has suffered no loss.

While the complaint alleged the issuance of a single policy, and the answer admitted the allegation, it appears from the instructions of the court that there were in fact two policies, for $5,000 each, the first bearing date March 11, 1918, and the second June 1, 1918; but no complaint is made because of the variance. The court instructed the jury, in effect, that if the plaintiff suffered from epilepsy and was totally and permanently disabled between the date of his entry into the military service of the United States and the dates of the issuance of the policies, their verdict should be for the defendant. The jury returned a general verdict for the defendant, accompanied by two special interrogatories, finding that the plaintiff was permanently and totally disabled from epilepsy between the date of his entry into the military service of the United States and the date of the two contracts of insurance. Upon the general verdict and the special findings, a judgment was entered in favor of the defendant, from which the present appeal was prosecuted.

■ If the appellant became totally and permanently disabled after his entry into the military service of the United States, and before applications for the policies in suit were made, and before the policies issued, the charge of the court was correct. because a policy of insurance does not ordinarily cover a loss already suffered. As said by the Attorney General of the United States:

"In cases which have heretofore arisen in the courts, I have advised the bureau that the insurance is collectible if applied for within the time allowed and before either total permanent disability or death has actually occurred, and hence is not defeated by the fact that the applicant was mortally ill. However,

what is provided for is a contract of insurance against something that may happen and not of indemnity for something which has already happened. If no application has been made when death occurs, of course there is no insurance; and if total permanent disability has been incurred, a future application for insurance can not cover it." 31 Op. of Attys. Gen. 534.

The chief reliance of the appellant seems to be the incontestable provisions now contained in the War Risk Insurance Act. The original act contained no such provisions, but a new section was added by the Act of August 9, 1921, declaring that policies of insurance theretofore or thereafter issued shall be incontestable "after six months from date of issuance, or reinstatement, except for fraud or nonpayment of premiums." 42 Stat. 157. This provision was amended by the Act of March 4, 1923, so as to provide that such policies shall be incontestable "after the insurance has been in force six months from the date of issuance, or reinstatement, except for fraud or nonpayment of premiums," and that a letter mailed by the bureau to the insured at his last known address, informing him of the invalidity of his insurance, shall be deemed a contest within the meaning of the act. 42 Stat. 1527. The latter amendment was re-enacted without change in the Act of June 7, 1924, 43 Stat. 627 (38 USCA § 518). The purpose of the amendment of 1923 was thus explained by the committee on interstate and foreign commerce, to which the bill was referred:

"Section 9 of the bill amends section 411 of the present law, so that a policy of insurance shall be incontestable after it has been in force six months, instead of providing that the policy shall be incontestable six months after date of issuance or reinstatement. Section 411 now provides that, subject to section 29, a policy of insurance heretofore or hereafter issued in accordance with article 4 of the War Risk Insurance Act shall be incontestable after six months from date of issuance or date of reinstatement, except for fraud or nonpayment of premiums. The bureau has found upon investigation that a large number of cases construing a similar proviso in insurance policies have held that the maturity of the policy did not stop the running of the statute; and that the statute could be stopped from running only by action brought in court to cancel the policy. In other words, if an insured paid one month's premium and no more and died or became permanently disabled within that month the government would be bound to pay the policy (if the

bureau followed these opinions) unless the government, within six months from the date of issuance of the policy or reinstatement had begun a suit to cancel the policy. The amendment, instead of providing that the policy shall be incontestable six months after date, provides that it shall be incontestable after the policy 'has been in force . six months.' All the cases hold that where the provision in the policy is that it must be in force six months that the maturity of the policy stops the running of the statute and the insurer can contest." House Reports, vol. 2, 67th Congress.

The broad statement of the committee that all the cases hold that the maturity of the policy stops the running of a statute providing that the policy shall be incontestable after it has been in force six months, or other period, is hardly justified. Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886; Mutual Ins. Co. v. Hurni Co., 263 U. S. 167, 178, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102. But the statement is supported by authority (Jefferson Standard Life Ins. Co. v. Smith, 157 Ark. 499, 248 S. W. 897), and, whatever view we might entertain .as to the soundness of the legal proposition thus advanced, there is no room to doubt the purpose of the amendment, as thus explained. It is manifest that it was the purpose of Congress to leave the policy open to contest when it matured, before it had been in force for the period of six months. The right of the courts to look to the reports of committees to ascertain the legislative intent, where the meaning of a statute is obscure or doubtful, is well settled. Duplex Co. v. Deering, 254 U. S. 443, 474, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196; Huntley v. Gile (C. C. A.) 32 F.(2d) 857.

Taking the view most favorable to the appellant, the policies in this case matured through his permanent and total disability before they had been in force six months, and therefore the incontestable provision of the statute has no application. For the purpose of this case, we have assumed that the government is contesting the policies within the meaning of the statute, but upon that question we express no opinion. We may add further that the validity of the policies in their entirety is not now in question. It may well be that they are valid as life policies, or that a recovery might be had thereunder for permanent total disability which did not exist at the time the insurance was applied for, in the event the appellant should recover from the earlier total permanent disability and again become totally and perma-

nently disabled. Upon these questions we need express no opinion.

There is the further contention that the government is estopped, but inasmuch as the appellant had a right to demand the policy as a matter of course, and the bureau had no authority to withhold it, there is little room for the application of the doctrine of estoppel.

The judgment is affirmed.