## ANDERSON v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. November 18, 1929.

No. 5878.

John W. Mahan and C. E. Pew, both of Helena, Mont., Phil Savaresy, of Billings, Mont., D. G. Stivers, of Butte, Mont., and Dan T. Malloy, of San Francisco, Cal., for appellant.

Wellington D. Rankin, U. S. Atty., and Howard A. Johnson and Arthur P. Acher, Asst. U. S. Attys., all of Helena, Mont., and D. D. Evans, Regional Atty., U. S. Veterans' Bureau, of Ft. Harrison, Mont., for the United States.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. Appellant brought this action to recover upon a $10,-000 war risk insurance policy for which he made application on February 8, 1918, while he was in the military service. From a judgment of dismissal, entered pursuant to a directed verdict, he appeals.

By his complaint he shows that he enlisted and was inducted into the army on March 31, 1917, and continued in the service until April 19, 1918, when he was honorably discharged. He further expressly alleges that he was totally and permanently disabled on October 6, 1917, while he was "acting in line of duty." In giving testimony, he explained that while on a visit at Helena, Mont., he declined to comply with the command of "military police" that he "go back to the fort, some five or six miles from Helena," and that in an ensuing struggle the officers clubbed him on the head and other parts of the body, severely injuring him. As a result, so the physicians testified, he is suffering from traumatic epilepsy and other disabilities. For present purposes we assume to be true his allegations that the injuries were received in line of duty, and by them he was totally and permanently disabled.

Upon the admitted facts we are unable to distinguish the case, in its legal posture, from that of Jordan v. United States (No. 5916 in this court, decision filed November 12, 1929) 36 F.(2d) 43, but in response to the earnest contention of counsel for appellant we have re-examined the statutes in the light of certain considerations now perhaps more fully brought to our attention.

By section 13 of the Act of October 6, 1917, 40 Stat. 399, the Director of the Bureau of War Risk Insurance was authorized to make rules and regulations necessary or appropriate to carry out the purpose of the act, and by section 402 it was provided "that the Director, subject to the general direction of the Secretary of the Treasury, shall promptly determine upon and publish the full and exact terms and conditions of such contract of insurance." 40 Stat. 409. Accordingly, in Bulletin No. 1, published on October 15, 1917, it was provided, among other things, that policies should contain the provision that, "if the insured became permanently or totally disabled before this policy was applied for, it shall, nevertheless, be effective as life insurance, but not against such disability." This limitation or restriction, we think, was not in conflict with the terms of the act and was valid, and it is to be deemed a part of the policy issued to appellant upon his application made February 8, 1918. By it, therefore, he was bound.

But he lays stress upon a proviso inserted in section 401 of the original Act of October 6, 1917, by the amendatory Act of December 24, 1919, 41 Stat. 374. In so far as that section, after amendment, is pertinent, it is as follows, the amendatory proviso being italicized:

"That such insurance must be applied for within one hundred and twenty days after enlistment or after entrance into or employment in the active service and before discharge or resignation, except that those persons who are in the active war service at the time of the publication of the terms and conditions of such contract of insurance may apply at any time within one hundred and twenty days thereafter and while in such service: *Provided, that any person in the active service on or after the 6th day of April, 1917, and before the 11th day of November, 1918, who while in such active service made application for insurance after the expiration of more than one hundred and twenty days after October 15, 1917, or more than one hundred and twenty days after entrance into or employment in the active service, and whose application was accepted and a policy issued thereon, and from whom premiums were collected, and who becomes or had become totally and permanently disabled, or dies or has died, shall be deemed to have made legal application for such insurance and the policy issued on such application shall be valid.* Any person in the active service on or after the 6th day of April, 1917, and before the 11th day of November, 1918, who, while in such service, and before the expiration of one hundred and twenty days after October 15, 1917, or one hundred and twenty days after entrance into or employment in the active service, becomes or has become totally and permanently disabled, or dies or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each. * * *"

While the new proviso is in some respects vague and uncertain, plainly we think it was intended to be remedial only in respect of policies which were issued and the applications therefor accepted after the expiration of the period prescribed by the original act for making application, and it was not intended to enlarge the scope or alter the effect of policies regularly issued within such period. But, as appears from the above statement of facts, appellant's policy was applied for and issued within the statutory time, and hence he was in no need of remedial legislation. His policy was valid, and, as recognized both in the regulation above quoted and in our decision in the Jordan Case, was valuable. Undoubtedly Congress had the power to nullify the regulation, but when we analyze

and consider the amendatory provision we do not find in it evidence of an intent so to do.

Invoking the reasonable presumption that Congress must have intended to provide insurance protection to all who suffered total and permanent disability before, as well as after, the War Risk Insurance Act was passed and insurance thereunder was applied for, appellant's contention is that, unless he can recover upon this policy, he has no such protection at all. His position is that the so-called "automatic" provision for $25 a month is not available to him, because he actually applied for the policy in question. But we do not so narrowly read the latter part of section 401 as above quoted. Our construction of this provision is disclosed by emphasis placed on certain parts thereof as follows: "*Any person* * * * *who*, while in such service and before the expiration of one hundred and twenty days from and after such publication, *becomes or has become totally and permanently disabled* * * * *without having applied for insurance* * * * *"* shall be entitled to receive at the rate of $25 per month. Appellant became so disabled *"without having [or, before he] applied for insurance"* and his subsequent application did not divest him of the right which had thus accrued. It should be added that the government concedes him this right, but that is not what he is here suing for. To accept appellant's theory, and grant him the relief for which he prays, would in effect be to hold that one in the service could deliberately defer making application for insurance to the last day of the statutory period, thus avoiding the payment of premiums during that period, and still have full assurance, without any risk or hazard whatsoever, of all the protection afforded by the act to one who promptly makes application and pays the requisite premiums. It is difficult to believe Congress intended such a result.

Affirmed.