### WOOLFOLK v. UNITED STATES.
### No. 6187.

Circuit Court of Appeals, Ninth Circuit.

Nov. 17, 1930.

Hawley & Worthwine, Oscar W. Worthwine, and Jess Hawley, all of Boise, Idaho, for appellant.

H. E. Ray, U. S. Atty., and W. H. Langroise, Sam S. Griffin, and Ralph R. Breshears, all of Boise, Idaho, for the United States.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge.

This was an action on a policy of war risk insurance. The original complaint alleged:

"That while this plaintiff was in the military service of the United States as aforesaid, and during the World War, and while said policy was in full force and effect, the plaintiff herein underwent great hardship and suffered exposure and fatigue and on or about August 21, 1917, was injured in a motorcycle accident and became afflicted with stomach trouble and epilepsy grand mal in type and hysteria and has continuously suffered from and been afflicted with said injury and diseases from a time prior to said discharge and from a time when said insurance was in full force and effect, and this plaintiff is informed and believes, and upon information and belief alleges the fact to be that as a result thereof the said plaintiff was, at the time of his said discharge, and at the time when said insurance was in full force and effect, totally and permanently disabled, and that this plaintiff is informed and believes, and upon information and belief alleges the fact to be that he will always be so disabled and never again able to follow any substantially gainful occupation. That by reason thereof he became entitled to receive from the defendant the sum of $57.50 per month from the date of discharge, towit, June 13, 1918."

In support of this allegation, the plaintiff, as a witness in his own behalf, testified that he enlisted in the United States Army March 26, 1917, was made a corporal in July of that year, and a sergeant in January, 1918; that on August 21, 1917, he was injured in a motorcycle accident and taken to the hospital, where adhesive tape was put across his shoulders and a dressing on the back of his head; that he did not remain at the hospital, but returned to duty at the flying field where he was stationed; that later he had influenza, or a touch of ptomaine poisoning, and was taken to the hospital for a few days and treated for ulcers of the stomach; that thereafter he returned to the flying field, where he remained until March, 1918; that while at the flying field he slept in a hangar and was on one occasion exposed to monoxide gas in his sleep and was taken to the hospital; that when his squadron was sent overseas he was left behind because a murmur was found in his lungs and he was declared unfit for overseas duty; that in March, 1918, he was transferred to the casualty detachment, where he remained until May, 1918, with his rank reduced to that of a private; that he was assigned to a tent along the edge of the flying field, and an airplane caught the top of the tent and dragged him for a distance of about 300 feet, but causing no injury aside from a shock to the nerves; that prior to May,

1918, he felt pains through his shoulders and the back of his neck and perspiration would break out and he would have to rest for a few minutes; that he had those spells sometimes once a day and sometimes three or four times; that on May 8, 1918, while working with a fatigue detail from the casualty detachment, he heard a cracking noise and saw flashes of light and remembered nothing further until he awoke in the infirmary, where he remained for two or three days.

At this juncture the court made inquiry as to the date of the policy and it was stipulated by counsel that it was applied for and dated February 6, 1918. The court thereupon ruled that it would be useless to proceed further with the trial, inasmuch as the complaint alleged that the injury or disability was incurred in August, 1917, before the date of the policy. The plaintiff thereupon asked leave to amend his complaint by alleging that he became totally disabled on May 8, 1918, but leave to amend was refused because the amendment contradicted the allegation of the original complaint and the evidence given by the witness at the trial. A verdict was thereupon directed for the defendant, and the plaintiff has appealed.

In ruling on the sufficiency of the complaint and the effect of the testimony, the court below attached too much importance to the motorcycle accident of August 21, 1917. The complaint alleged that, while the policy was in full force and effect, the appellant underwent great hardship and suffered exposure and fatigue and on August 21, 1917, was injured in a motorcycle accident and became afflicted with stomach trouble and epilepsy grand mal in type of hysteria, but failed to allege whether it was one or all of these that resulted in his permanent and total disability. The pleading was inartificially drawn, and is not a model by any means. It failed to allege the date of the policy or the date of permanent and total disability, but did allege, by way of conclusion, that the disability arose while the insurance was in full force and effect. We say by way of conclusion because at least some of the things charged in the complaint manifestly happened or occurred before the policy was issued, and this would seem to indicate that the appellant, like others before him, labored under the erroneous impression that the policy insured

against permanent and total disability arising in the military service, whether before or after the policy was applied for and issued. Jordan v. United States (C. C. A.) 36 F.(2d) 43; Anderson v. United States (C. C. A.) 36 F.(2d) 45. But with these defects in the complaint we have no present concern. The sole question is: Did the original complaint allege that the appellant became totally and permanently disabled as of August 21, 1917? And we are satisfied that it did not, and that the pleader did not so intend. This is made manifest by a reference to the testimony offered at the trial. The appellant testified that after the motorcycle accident of August 21, 1917, he immediately returned to the flying field and discharged all duties appertaining to his military service until March, 1918, which was after the policy issued, with a slight interruption of two or three days in the hospital because of stomach trouble. It will thus be seen that the appellant did not claim, either in his complaint or in his testimony, that he was totally and permanently disabled by the motorcycle accident, or that he became totally and permanently disabled at any time prior to the date of the issuance of the policy. Indeed, as the testimony stood when the verdict was directed, if nothing further had been offered, the court would have been compelled to direct a verdict in favor of the appellee upon the ground that total and permanent disability had not been established at all, rather than upon the ground that it existed prior to the date of the policy.

In a reply brief the appellant contends that the defense that total and permanent disability was incurred before the insurance was applied for is not open to the appellee, because of the Act of July 3, 1930, § 24, amending section 307 of the World War Veterans' Act 1924 (38 USCA § 518). The amending act was passed after the trial and, of course, was not before the court below. Its construction or effect will not necessarily be involved upon a retrial of the action, and for that reason we must decline to consider the question on the present appeal.

For error in directing a verdict in favor of the appellee, the judgment is reversed, and the case is remanded for a new trial, with leave to the appellant to amend his complaint if so advised.