## UNITED STATES v. STEVENS.
### No. 9571.

Circuit Court of Appeals, Eighth Circuit.

April 3, 1933.

VAN VALKENBURGH, Circuit Judge, dissenting.

Joseph W. Finley, Asst. U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S. Atty., and R. M. Uehren, Acting Chief Atty., Veterans' Administration, both of St. Paul, Minn., on the brief), for the United States.

George L. Barnard, of Willmar, Minn. (Henry G. Young, of Minneapolis, Minn., on the brief), for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment in favor of appellee in an action brought by him on a reinstated contract of war risk insurance.

A jury was waived and the case tried to the court.

The findings of fact and conclusions of law made by the Court as a basis for the judgment are set out in the margin.[1] The salient facts are set forth therein.

---

[1] "Findings of Fact.

"1. The plaintiff was inducted into the active naval service of the United States of America on the 27th day of February, 1918, and remained therein until July 2, 1919, at which time he was granted an honorable discharge.

"2. That at the time of entering said service on the 27th day of February, 1918, or shortly thereafter, the plaintiff applied for and was by defendant granted term insurance in the sum of Ten Thousand Dollars, pursuant to the Act of Congress approved October 6, 1917, commonly known as the War Risk Insurance Act. He paid the prescribed premiums thereon until through July, 1919, and no longer and with the thirty days of grace allowed by the government the policy lapsed for nonpayment of premiums with the 30th day of August, 1919.

"3. That at the time said policy lapsed the defendant was not totally and permanently disabled.

"4. That on April 13, 1925, the plaintiff made written application, according to law, for reinstatement of said policy in the full amount of Ten Thousand Dollars, and stated in his application that he was not then totally and permanently disabled, and in compliance with said application on the proof therein submitted that he was not totally and permanently disabled, and on May 1, 1925, the full Ten Thousand Dollars of War Risk Insurance was reinstated, and a certificate was duly granted to the plaintiff to that effect. That plaintiff paid the prescribed premiums on the reinstated policy through July, 1926, and failed to make said payments thereafter so that the reinstated policy remained in force until August 30, 1926, and lapsed on that date.

"5. The Court further finds that the plaintiff was totally and permanently disabled on the 1st day of May, 1925, and as a matter of fact I further find that the plaintiff became totally and permanently disabled sometime in the year 1920; that said disability arose out of the plaintiff's service in the World War and was the proximate result of an accident he received while in said service. That the

At the close of plaintiff's case, the defendant made a motion for judgment in its favor on the ground that the court could come to no other conclusion for the reasons: "First, that it conclusively appears here that the policy sued upon was reinstated; that is, during the period of his reinstatement from August,—or from May 1, 1925, to August, 1926, the plaintiff suffered no loss; secondly, upon the ground that the plaintiff's condition was no different at the time said reinstatement was applied for and granted than it was after the reinstated policy had expired,—immediately after, and upon the ground that it conclusively appears from the evidence here that the plaintiff did not become permanently and totally disabled while said reinstated contract was in effect during the life of that contract." The motion was denied.

The defendant also requested the court to make certain findings as follows: "The defendant requests the Court to find as a fact that while the reinstated policy sued upon was in effect, the plaintiff sustained no loss, and, secondly, to find as a fact that the plaintiff did not become totally and permanently disabled while the reinstated contract was

in effect, and next, that there was no change in the condition of the plaintiff while said reinstated contract was in force, and to find as a conclusion of law that the plaintiff is not entitled to judgment, and that these special findings are in connection with the defendant's motion for judgment upon the previously stated grounds, which is renewed at this time." The request was denied.

The broad question is thus raised whether the court erred in not granting defendant's motion for judgment, or, in other words, whether the findings of fact support the conclusions of law and the judgment for the plaintiff.

A preliminary statement of one or two elementary propositions will be a help in answering the questions.

### The Basis of the Present Suit.

The plaintiff's suit is based upon a contract between him and the government of the United States. The contract, which became effective May 1, 1925, is to be found in the relevant statutes of the United States, in the regulations thereunder, and in the completed requirements for reinstated insurance which were agreed upon by both parties.

By the Act of Congress of October 6, 1917 (40 Stat. 398, 409), the Director of the Bureau of War Risk Insurance was directed to determine upon and publish the full and exact terms and conditions of the contract of war risk insurance. Pursuant to such authority, on October 15, 1917, said Director issued Bulletin No. 1, which contained the form of insurance contract. The form so far as here material was as follows:

"The United States of America

"Treasury Department

"Bureau of War Risk Insurance

"Under the authority granted by Congress in an act amending 'An act entitled "An act to authorize the establishment of a Bureau of War-Risk Insurance in the Treasury Department", approved September 2, 1914, and for other purposes,' approved October 6, 1917, and subject in all respects to the provisions of such act, of any amendments thereto, and of all regulations thereunder, now in force or hereafter adopted, all of which, together with this policy, the application therefor, and the terms and conditions published under authority of the act, shall constitute the contract:

"Hereby insures from and after the —— day of ——, 19—, * * * conditioned upon the payment of premiums as herein provided, for the principal amount of $——, * * * payable—

---

plaintiff duly filed with the United States Veterans' Bureau his application for the payment to him of the claimed installments on his said reinstated policy, which was refused and a disagreement exists and did exist between the plaintiff and the defendant as to the right of plaintiff to the payment of said installments.

"6. The Court further finds that plaintiff is entitled to recover against the defendant on said reinstated policy and that there is now due and owing from the defendant to the plaintiff, the sum of $57.50 per month from and after the 1st day of May, 1925.

"7. I further find that ten per cent of the amount owing from defendant to plaintiff is a reasonable attorney's fee to be allowed herein.

"8. The Court further finds that the plaintiff was insured under his reinstated policy against total and permanent disability, and that he sustained a loss, as hereinbefore stated, while the reinstated policy was in effect, and that the defendant is estopped to assert that plaintiff was totally and permanently disabled at the time of or before the reinstatement.

"Conclusions of Law.

"As conclusions of law the Court finds:

"1. That plaintiff is entitled to recover from the defendant the sum of $57.50 per month from and after May 1st, 1925, and that plaintiff's attorneys are entitled to ten per cent of the amount recovered by plaintiff from defendant as reasonable attorney's fees.

"2. That it does appear that plaintiff became totally and permanently disabled while his reinstated contract was in force.

"3. That plaintiff was insured under his reinstated policy against total and permanent disability.

"4. That he sustained a loss while the reinstated policy was in effect.

"5. That defendant is estopped to assert that plaintiff was totally and permanently disabled at the time of or before the reinstatement.

"Let a proper form of judgment in accordance with this decisioin be drawn and submitted to the Court for its signature."

"To the insured, *if he/she, while this insurance is in force, shall become* totally and permanently disabled. \* \* \*

"If the insured became totally and permanently disabled before this policy was applied for, it shall nevertheless be effective as life insurance, but not as insurance against such disability." (Italics ours).

These provisions of Bulletin No. 1, not being in contravention of the statutory provisions, had the force of a statute.

It is, of course, understood, and there is no contention on this appeal to the contrary (1) that it has been the practice of the government not to issue formal policies of insurance; but that upon the preliminary requisites being complied with by the applicant, the contract between the government and the applicant became complete; and (2) that contracts of reinstatement, provided for in section 304 of the World War Veterans' Act, 1924 (43 Stat. 625 [38 USCA § 515]), and amendments thereto, were of the same general character and terms as the original contract, and that no formal policies of reinstatement were issued.

Turning now to the contract, we find that it provides for payment to the insured "if he, *while this insurance is in force, shall become* totally and permanently disabled." The wording is significant, clear, and conclusive. The contract does not provide for payment to the insured for a total and permanent disability which existed prior to the taking effect of the contract. In other words, the contract is one of insurance against something which may happen, not one of indemnity for something which has already happened. And as if to remove any possible doubt the contract contains the following provision: "If the insured became totally and permanently disabled before this policy was applied for, it shall nevertheless be effective as life insurance, but not as insurance against such disability."

This construction of the original contract of insurance is sustained by numerous authorities: Schmidt, Guardian, v. United States, 63 F.(2d) 390 (C. C. A. 8); Boulger v. United States (D. C.) 60 F.(2d) 560; Woolfolk v. United States (C. C. A.) 44 F.(2d) 701; Jordan v. United States (C. C. A.) 36 F.(2d) 43, 73 A. L. R. 312; Anderson v. United States (C. C. A.) 36 F.(2d) 45; 31 Op. Attys. Gen. 534.

The contract of reinstatement was the same in terms and character as the original contract, and must receive the same construction.

No reason has been offered, and we think no good reason exists why the original contract should be simply a contract of insurance, and the reinstated contract one of indemnity as well as of insurance. Counsel have not brought to our attention, nor have we found anything in the statutes, in the reports of committees, or in the debates in Congress which lend support to such a distinction.

We are clearly of the opinion that the reinstated contract, standing by itself, did not cover a permanent and total disability which existed prior to the taking effect of such contract. This court recognized that such was the proper construction in its opinion on the appeal from the judgment in the former suit. Referring to the reinstated contract, it said [29 F.(2d) 904, 906]: "The government became liable for the payments provided in the insurance contract if plaintiff in error *thereafter* became permanently and totally disabled or died." (Italics ours).

The Appeal in the Prior Suit.

The trial court in deciding the present suit took the view that the reinstated contract should be construed in the light of the decision of this court on the appeal in the prior suit; also in the light of section 307 of the World War Veterans' Act 1924, as amended July 3, 1930 (46 Stat. 1001 [38 USCA § 518]), especially the first proviso to said section.

The appeal in the prior suit [29 F.(2d) 904] came up from a judgment dismissing an action brought by the same plaintiff against the same defendant as in the present suit, upon the original contract of insurance. That action was commenced June 29, 1926. At that time the situation was that the original contract of insurance had long since lapsed (August 30, 1919). A reinstated contract had been applied for and granted, effective May 1, 1925. This reinstated contract was still in force.

The trial of that former suit took place March 14–15, 1927. At that time the reinstated contract was no longer in force, having lapsed August 30, 1926. This fact of the lapsing of the reinstated contract was not called to the attention of the trial court, perhaps because it was thought to be immaterial. Nevertheless, the trial court took the view that, since plaintiff had stated in his application for the reinstated contract that he was not then (April 13, 1925) permanently and totally disabled, and since both plaintiff and the government had entered into the reinstat-

ed contract on the basis of that representation, an estoppel had arisen, and that neither party could deny the basic fact upon which they had agreed, while the reinstated contract was in force.

The trial court took the further view that the estoppel still existed and prevented plaintiff from recovering under the original contract of insurance for a permanent and total disability alleged to have arisen on or about July 2, 1919.

That the trial court, in dismissing the action on the trial of the former suit, considered the reinstated contract to be still in existence is shown by the remarks of the court in granting the dismissal. The court said:

" * * * Negotiations were entered into between the plaintiff and the Government, in which he represented, as a basis for getting a new contract, that is, a contract to reinstate the insurance, that he was not then totally and permanently disabled.

" * * * He therefore made a new contract, which placed him in a different position, and gave him a benefit which he has never repudiated, and which he still holds. * * *

" * * * The new policy has taken the place of the old policy, so long as it stands unrepudiated, and the old policy is out of existence, except in this manner, that the reinstatement is the reinstatement of the old policy, but it amounts to a new policy from the time of the reinstatement."

This court, also, on the appeal from the judgment in the former suit, proceeded on the assumption that the reinstated contract was still in force and effect, and it was held, affirming the trial court, that plaintiff, by his fact representations upon which the reinstatement was made, was estopped to make the proof necessary to a recovery upon the original contract.

No other question was directly involved in that appeal, and no other decision was made which could become the "law of the case." 34 C. J. p. 935, §§ 1339, 1340; 4 C. J. p. 1093, § 3075; United States v. Ash Sheep Co. (C. C. A.) 250 F. 592, affirmed 252 U. S. 159, 40 S. Ct. 241, 64 L. Ed. 507; Nat. Surety Co. v. Kansas City H. P. Brick Co., 182 F. 54 (C. C. A. 8); Lawrence-Williams Co. v. Societe Enfants Gombault Et Cie (C. C. A.) 52 F.(2d) 774; Page v. Ark. Natural Gas Corp., 53 F.(2d) 27 (C. C. A. 8); Northern Pac. Ry. Co. v. Van Dusen Harrington Co., 60 F.(2d) 394 (C. C. A. 8).

What the decision of the trial court in the former suit would have been, and what the decision of this court on the appeal would have been if all the then existing facts had been disclosed, is, of course, speculative. See, however, 21 C. J. p. 1111, § 113; United States v. Golden (C. C. A.) 34 F.(2d) 367, to the effect that, when the contract falls, the estoppel falls with it.

It is further to be noted that the present suit, while between the same parties as in the former suit, is upon a different contract and involves an entirely different issue as to the merits of the controversy. In the former suit the issue as to the merits was whether plaintiff became permanently and totally disabled within the coverage of the original contract. In the present suit the issue as to the merits was whether plaintiff became permanently and totally disabled within the coverage of the reinstated contract.

### The Amendatory Proviso of 1930.

The trial court, in deciding the present suit, also took the view that the first proviso [2] to section 307, enacted as part of the amendment to that section by the Act of July 3, 1930 (46 Stat. 1001 [38 USCA § 518]), had the effect of removing the estoppel, so far as plaintiff was concerned, which had arisen by reason of the fact representation made by plaintiff at the time the reinstated contract was made.

The trial court took the further view that, with the estoppel removed from plaintiff, but still remaining in effect as to the government, all that was necessary to be proven in the second suit was a permanent and total disability of plaintiff existing within the period of the reinstated contract.

In a memorandum accompanying the findings, the trial court said:

"The argument [of the defendant] is that if one party is for any reason relieved from that provision of the contract, the other party is ipso facto relieved. Undoubtedly that would be so ordinarily, but in the present instance the United States, one of the parties to the contract, has seen fit to remove the estoppel by an act of Congress as to the insured, and has given him the privilege of electing to stand on either the original or reinstated or converted policy, 'without prejudicing his rights.'

[2] "Provided, That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 445 of this title on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy."

"The plain intent of the statute is to permit the insured at his election to sue on the original contract and recover, if he can show that he was totally and permanently disabled while the policy was alive, or to stand on the reinstated or converted policy without surrendering any of his rights thereunder, and one of his rights established by the decision in the former suit of Stevens v. U. S. supra, was that both parties were estopped to deny the basic fact agreed upon, namely, that plaintiff was not totally and permanently disabled before the reinstatement.

"The statute may be illogical and inequitable but that is an argument to be presented to Congress and not to the Court.

"I hold that the defendant is estopped to assert that plaintiff was permanently and totally disabled when the policy was applied for and the reinstatement granted.

" * * * The evidence shows that the plaintiff was totally and permanently disabled while the reinstated policy was in effect, from and after the 1st day of May, 1925, and if my conclusion that defendant is estopped to assert that plaintiff was totally and permanently disabled before the reinstatement is correct, then it follows that the disablement arose during the existence of the reinstated policy."

We cannot agree with this construction given to the proviso by the trial court. The language of the proviso is plain and unambiguous. The purpose of the proviso, in our judgment, is equally plain.

We think that it was the intention of Congress to abolish the rule of estoppel by contract announced by this court in the Stevens Case and by other courts in similar cases, so far, at least, as the rule was applied to reinstated war risk insurance contracts.

If support for this conclusion is required other than the language of the proviso itself, such support is to be found in the "Memorandum of Explanation of H. R. 10381 as it was Reported by the Senate Finance Committee" (Congressional Record, 71st Congress, 2d Session, p. 10589). The memorandum among other statements says: "The amendment also prevents the bureau in connection with suits on original contracts of insurance in raising the plea of estoppel because of subsequent reinstatement or conversion of the insurance"; also in the Senate Report 1128, to accompany H. R. 13174 (finally enacted), which contains the following: "Further provision is made permitting the insured to elect after a reinstatement or conversion to go back to some prior contract and claim rights there-under; and if he proves himself entitled to such rights, upon surrender of the latter contract or contracts, to be paid under the prior contract. The purpose is to prohibit the raising of estoppel against the claimant either in or out of the courts because of his reinstatement or conversion of his insurance. * * * The effect of the present practice of the bureau in raising estoppel is to penalize the man who pays his premiums or tries to continue all or a part of his insurance in force. This amendment is specifically made retroactive in order that in any case where the claim has been heretofore disallowed on the ground of estoppel, or because of the policy not being incontestable, the insured, or the beneficiary under such contract or policy may, if he/she so elects, have the benefit thereof"; also in the hearing before a Subcommittee of the Committee on Finance, U. S. Senate, 71st Congress, 2d Session, H. R. 10381, May 5, 1930 (Part I), page 90:

"Senator Shortridge. I note here on page 29 of the bill that there are two provisos. They are not new matter, are they? That is under section 23, which you have been discussing. * * *

"Mr. Roberts. That is new matter.

"Senator Shortridge. What is the meaning or significance of the language?

"Mr. Roberts. The significance of that language, Senator, is simply this: under the present law as interpreted by the bureau and the courts, the man applies for reinstatement of his insurance or for conversion of his term insurance. He is thereafter estopped to set up a claim on his original contract and is bound by that reinstatement or conversion, as well as the Government being bound by it.

"Many of these men who have paid premiums right straight along on their policies and have converted or have reinstated and converted, are now endeavoring to get back to the date of discharge in 1919, alleging that they were permanently and totally disabled at that time. If there has been a reinstatement or conversion intervening, he is estopped to go back of that reinstatement or conversion under the interpretation that I have just stated.

"This was to give him the option, as it was felt by the sponsors of the amendment that as long as a man had endeavored to keep faith with his Government and paid the premiums, he should not be penalized for having done it. In other words, if he had not paid any premiums he could allege a date back at the time of discharge as the date of permanent and total disability, and collect. If, how-

ever, he had paid premiums and reinstated or converted his insurance, he would not be able to go back of the date of reinstatement or conversion.

"Senator Shortridge. And that second proviso fixes a certain date?

"Mr. Roberts. That is to give retroactive effect to the section so that those men who have heretofore been denied will be able to come in under this amendment and claim the benefit of it."

It is not necessary to determine at this time what effect the proviso would have upon a second suit upon an original contract of insurance brought since the enactment of the proviso, where a reinstated contract had been issued, but had lapsed.

We have failed to find, however, either in the statutes or in the debates or committee reports of Congress relative thereto, any intimation that the terms of the contract of insurance, whether original or reinstated, have been changed in respect to the coverage of total and permanent disability. The terms of such contracts in that respect have remained as fixed by Bulletin No. 1, viz., that the United States insures the applicant, conditioned on the payment of premiums for the amount of $———, payable to the insured if he *while this insurance is in force, shall become* totally and permanently disabled." (Italics ours.)

Nor do we find anything either in the decision of this court on the appeal in the former suit, or in the proviso of 1930, which relieves plaintiff from proving that he *became* totally and permanently disabled while his insurance contract was in force.

In the case at bar, the proof did not measure up to this standard. There was proof that plaintiff's condition was one of total and permanent disability at a time within the period when the reinstated contract was in force. This was not sufficient. The proof did not show that plaintiff *became* totally and permanently disabled while the reinstated contract was in force and effect; and the trial court's finding is expressly to the contrary.

We think the court erred in not granting the motion of defendant for judgment in its favor and in entering judgment for plaintiff.

We find it unnecessary to discuss the other points raised by the assignments of error.

The judgment is reversed, with instructions to grant a new trial.

VAN VALKENBURGH, Circuit Judge (dissenting).

I fully agree with the conclusions of Judge Booth if applied to cases as ordinarily presented, but, in my judgment, we have here no ordinary situation. I think we are, and should be, ruled by the effect of our former decision [29 F.(2d) 904]. We held there that appellant, appellee here, could not recover upon his original policy, which had been superseded by a reinstatement contract. This decision was in accordance with the interpretation of the existing law by both courts and bureau. Congress, therefore, found it necessary to enact the amendment of 1930 in order to give the soldier an option to claim under his original contract, notwithstanding a subsequent reinstatement. This is the entire effect of this amendment. It has no effect whatever upon the reinstatement contract, and appellee in this suit claims only upon the latter. This is the position of the government, as witness the following language in its brief: "The fact is that the section can have no application whatever in this action and it has no relation to this proceeding whatever save as it bears upon the steps taken by plaintiff in attempting to enforce his claim."

As bearing upon the good faith of the plaintiff in entering upon the contract of reinstatement, we said [29 F.(2d) 904, 906]: "The record convinces that plaintiff in error, without fraud, deceit, misrepresentation, or undue influence, elected to have his insurance reinstated upon the terms specified in the act permitting reinstatement. To that end, the fact that he was not at that time totally and permanently disabled was assumed. Neither he nor any officer of the government at that time viewed his disability as permanent. At the time his application was made his recourse against the government under his certificate of war risk insurance, which had lapsed for nonpayment of premiums, was at least problematical."

The foregoing statement is fully borne out by the record on the first appeal. Appellee was in fact advised by the Bureau to apply for reinstatement, and a co-operator of the Bureau, in charge of insurance, made out his application for him, and, with knowledge of his physical condition, derived from Bureau files and otherwise, advised him to answer that he was not then totally and permanently disabled. The subsequent opinion that he was then totally and permanently disabled was stated by Dr. Reed at the trial in March, 1927, to be "in the light of my present knowledge." He further testified: "At no time

did I think he was totally disabled until the present time." The Bureau had never theretofore rated him as permanently and totally disabled.

In the light of such showing, this court, December 14, 1928, while denying recovery under the original policy of insurance, held that "the present total permanent disability of plaintiff in error has been made clearly apparent. Upon further application to the Bureau, it would seem that recovery under the reinstated certificate should be awarded without hesitation and without further litigation." The trial court upon the same substantial record has followed the course indicated, if not directed, by this court.

The contention of appellant may be summed up in the following language of the government's brief: "The assured has failed to bring himself within the terms of his contract by his failure to prove that during the life of the reinstatement he did become permanently and totally disabled." If he was not so disabled at the time of reinstatement, and was so, as found, while the policy of reinstatement was in force, I think this requirement of proof is satisfied. The presumption that, prior to reinstatement, appellee was not totally and permanently disabled, must be upheld under the circumstances attending the act of reinstatement. I cannot bring myself to subscribe to the injustice of depriving appellee, unquestionably totally and permanently disabled through a service injury, of the relief to which he became entitled through government action, as established by the prior decision of this court. I think the judgment below should be affirmed.