**UNITED STATES v. McIVER et al.**

**No. 3848.**

Circuit Court of Appeals, Fourth Circuit.

Argued April 18, 1935.

Decided April 22, 1935.

Randolph C. Shaw, Sp. Asst. to the Atty. Gen. (James O. Carr, U. S. Atty., of Wilmington, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., on the brief), for the United States.

Emmett H. Bellamy, of Wilmington, N. C. (John D. Bellamy, of Wilmington, N. C., on the brief), for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

The appellee, hereinafter referred to as the plaintiff, brought this action as administratrix of Wharton McIver and in her own right as beneficiary, for total disability benefits, on a policy of yearly renewable term insurance issued by the United States, the appellant, hereinafter referred to as the defendant.

The complaint was filed in the District Court of the United States for the Eastern District of North Carolina in November, 1932. A trial was had in October, 1934, and after evidence was heard, both for the plaintiff and the defendant, both parties moved for a directed verdict, whereupon the judge below directed a verdict for the plaintiff. Upon this verdict judgment was entered, from which judgment this appeal was brought.

The only question involved is whether there was any substantial evidence to support the finding of the trial court.

The deceased veteran, Wharton McIver, while in the Naval Service of the United States was issued a war risk insurance policy in the principal sum of $5,000, which policy lapsed in March, 1919, and on July 1, 1927, the veteran reinstated and converted his insurance into a five-year term policy and paid one month's premium thereon, the policy again lapsing September 1, 1927. The plaintiff was named as beneficiary in the new policy.

The complaint alleged that while in the Naval Service the insured contracted pulmonary tuberculosis and that he became totally and permanently disabled August 1, 1927. The insured died on March 12, 1931.

Regulation No. 138, of the Veterans' Administration Bureau, as amended by Regulation 203, sections 4110, 4112 and 4113, provides for the reinstatement of a war risk insurance policy provided the applicant is in good health. The report of the examination of the insured made on June 24, 1927, just prior to the reinstatement of the policy, showed a negative finding as to tuberculosis and another examination made September 15, 1927, by a physician in the Veterans' Administration showed the deceased to be suffering from bronchitis, moderately severe, and a minor skin infection, with the tuberculosis nonactive.

In the face of the admitted facts and the general knowledge of the character of pulmonary tuberculosis, of which we take judicial cognizance, it is impossible to conclude that a permanent and total disability of the insured took place within the short period of two months during which the reinstated insurance was in force, to wit, July 1, 1927, to September 1, 1927.

The veteran was alleged to have contracted tuberculosis in the year 1919 and to have died from the disease in 1931, and it is impossible to conclude that during this period of twelve years total and permanent disability occurred in the short period during which the insurance was in force.

"To permit the jury to fix impairment within a period of less than two months out of a possible twelve or fifteen years is to submit a factual issue to speculation and guess and not to reasonable inference." U. S. v. Hodges, 74 F.(2d) 617, 618, decided by the Circuit Court of Appeals for the Sixth Circuit, January 8, 1935.

The burden is upon the plaintiff to show that the disability occurred during the life of the policy, and this burden cannot be met by evidence which leaves the question to speculation and conjecture. Werth v. U. S., 75 F.(2d) 192, decided by this court, January 16, 1935, and authorities there cited.

The evidentiary effect of the procuring of an examination for reinstatement of insurance is commented on by the Supreme Court in the case of U. S. v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. ——, decided January 7, 1935.

Under the rule laid down by this court in Hicks v. U. S., 65 F.(2d) 517, the reinstated insurance here involved would not be valid if the insured was totally and permanently disabled at the time of the reinstatement. The same holding has been made in U. S. v. Stevens (C. C. A.) 64 F.(2d) 853, and in U. S. v. Kaminsky (C. C. A.) 64 F.(2d) 735.

Existence of a condition of total and permanent disability before July 1, 1927, or the absence of such a condition after September 1, 1927, would be fatal to plaintiff's claim.

A study of the case leads us to the conclusion that the evidence relied on by plaintiff does not tend to show that the disability occurred during the short crucial period,

rather than at a point of time before or after that period. On the contrary, the evidence, taken in the aspect most favorable to the plaintiff, is as consistent with one theory as another. Hence, the judgment must be reversed.

Reversed.