## DANIELS v. UNITED STATES.
### No. 4146.

Circuit Court of Appeals, Fourth Circuit.
April 17, 1937.

John H. Hall, of Elizabeth City, N. C. (Martin Kellogg, Jr., of Manteo, N. C., on the brief), for appellant.

Fendall Marbury, Sp. Asst. to Atty. Gen. (J. O. Carr, U. S. Atty., of Wilmington, N. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Young M. Smith, Atty., Department of Justice of Washington, D. C., on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges, and WYCHE, District Judge.

### PER CURIAM.

This is an action brought in October, 1935, in the District Court of the United States for the Eastern District of North Carolina, at Elizabeth City, on a war risk insurance policy.

The plaintiff, Lewis Daniels, was inducted into the military service of the United States on August 4, 1918, at which time he was twenty-four years old. On August 27, 1918, the insurance policy was issued, and on September 11, 1918, he was admitted to the hospital at Camp Stuart, Norfolk, Va., where he remained as a patient until he was discharged from the Army on October 8, 1918.

Plaintiff was discharged on a surgeon's certificate of disability with the final diagnosis of mental deficiency. The certificate stated that he was a moron with the mentality of a child eight years old. The insurance protection ceased December 31, 1918.

In May, 1935, a probate court determined that the plaintiff was of unsound mind and incompetent to ·manage his affairs and plaintiff I. P. Davis was appointed his guardian.

An answer was filed to the complaint and the complaint was amended to which' amended complaint an answer was also filed. A demurrer to the amended complaint was overruled, and a trial was had at the September term, 1936. At the conclusion of plaintiff's evidence the defendant moved for a directed verdict, which motion was denied, and ' the defendant offered evidence and again renewed its motion for a directed verdict, which motion was granted and judgment entered upon the 'verdict as directed. From this action of the court below this appeal was brought.

An examination of the testimony offered shows conclusively that the insured was mentally deficient at the time of his entering the service and that he was in the same condition at the time of his discharge and at the time of the trial. There was no substantial evidence as to any permanent, total physical disability.

In the case of Hicks v. United States, 65 F.(2d) 517, 521, this court said: "One claiming on the ground of total and permanent disability under a policy such as here involved must show that he became totally and permanently disabled during the life of the policy, and his right to recover on such ground will be defeated if it appears that the total and permanent disability existed when the policy was applied for."

See, also, United States v. McIver (C. C.A.) 77 F.(2d) 208; United States v. Kaminsky (C.C.A.) 64 F.(2d) 735; Jordan v. United States (C.C.A.) 36 F.(2d) 43, 73 A.L.R. 312; United States v. Stevens (C.C.A.) 64 F.(2d) 853.

The plaintiff failed to make out a case, and the courts have repeatedly held that the realm of speculation or conjecture cannot be entered into in order to justify recovery but that the evidence must be

definite and certain. United States v. Anderson (C.C.A.) 76 F.(2d) 337. Here there was no definite and certain evidence that any physical disability of plaintiff occurred during the coverage of the insurance policy, and his mental condition was shown to have been the same when the policy was issued as it was at the time when the coverage of the policy ended.

The action of the court below in directing a verdict for the defendant was proper, and the judgment is affirmed.

Affirmed.