## UNITED STATES v. PATRYAS.
### No. 6101.

Circuit Court of Appeals, Seventh Circuit.
June 21, 1937.

Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Keith L. Seegmiller, Attorney, Department of Justice, of Washington, D. C., and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for the United States.

Stephen A. Cross and Henry A. Gano, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

Stanley J. Patryas entered the military service of the United States in 1917 and was honorably discharged July 29, 1919. During his service there was issued to him a war risk insurance policy for the sum of $10,000. which remained in full force during the period of his service. Upon his discharge he ceased to pay the premiums due thereon and the policy lapsed on August 1, 1919. The policy was reinstated on July 1, 1927, and immediately converted into a so-called Government five year converted term policy. All premiums were paid thereon up to and including the month of January, 1932. When the original policy was reinstated all back premiums were paid by the imposition of a lien against said policy in the sum of $773.90.

A claim for disability benefits under the converted policy was filed early in 1931. Action was instituted on January 15, 1932. No further premium payments were made on the converted policy after January, 1932. Appellee sought recovery of $57.50 per month from July 1, 1930. The recovery was limited to a date not exceeding six months prior to the date of making claim for total and permanent disability payments which in this case was January, 1931.

The policy, following the statute, contained an incontestable provision excepting only fraud and non-payment of premiums. The policy was not inserted in the bill of exceptions and is not before us. The appellant denied that the insured was at any time totally and permanently disabled. At the close of the trial it moved for a directed verdict on two grounds: (a) That permanent and total disability was not established; and (b) if it existed it went back to a date prior to the issuance of the converted policy. The case was submitted to a jury who found that the date of the occurrence of insured's permanent and total disability was the latter part of 1924.

The court entered judgment for appellee for $3737.50, being the accrued monthly instalments at the rate of $57.50 per month from January 25, 1931, to May 25, 1936, less $1198.49, which represented the lien created against the policy ($773.-90) together with interest thereon from July 1, 1927, to June 18, 1936, at 5 percent.

EVANS, Circuit Judge.

Appellant challenges the judgment solely on the ground that the insured became totally and permanently disabled in the latter part of 1924 which was before the issuance of the converted five year policy. Its position is that the policy which was sued upon did not cover payments for total and permanent disability which occurred prior to the issuance of the policy.

The Government raises no fact question —that is, it does not here question the totality and permanency of the insured's disability. The record probably justifies this position and would support such a finding by court or jury. It is not the clearest imaginable case of total disability

although tolerably plain on the permanency of the disabilities. Appellee's condition might well be said to be congenital. Mental limitations and mental disturbances are, so the record indicates, back of the physical weaknesses. It is not quite clear how he was ever accepted for military service. The Government was fully informed of the insured's condition at the time his insurance was reinstated. Insured was at the time in the hospital, receiving free treatment from the Government. When the affliction from which he was obviously suffering rose to the total and permanent disability stage may well be said to be a disputed issue of fact. Even when the claim of disability was filed in 1931, it was denied by the Department on the ground that insured was not totally and permanently disabled. Later, when this action was begun, the appellant, in its answer, denied the totality and permanency of the disability. It was only after the trial and the jury found that the total and permanent disability existed as far back as 1924 that the Government took the position that liability was thereby avoided.

The Government has collected numerous cases which hold that there can be no recovery under the total and permanent disability clause of a converted policy where it is shown that such disability occurred prior to the issuance of the converted policy.[1] It may be said, however, that the decisions are not unanimous.[2]

Notwithstanding the weight of the authority to the contrary, we are unable to give to the incontestable clause the construction which would deny a right to recover in all cases where upon trial a jury finds that the total and permanent disability existed prior to the issuance of the converted policy.

Not only is there an incontestable clause which confronts the Government, but there are facts which establish an estoppel. In the instant case there was no avoidance of the incontestable clause on the ground of non-payment of premium or because of fraud. If the evidence indicated that the insured had defrauded the Government or the total and permanent disability was concealed, we would have a materially different case from the one before us. Here, the Government was better informed of the state of the physical and mental condition of the insured than Patryas was himself. The Government had a difficult situation to deal with. Not only was there doubt about the lapse of the original war risk policy written during the insured's services, but there were anxieties over the moral obligation which the Government has so willingly and generously assumed toward all the world war veterans. It was in the face of this situation, the facts of which were well known to the Government, that the insured, who occupied somewhat the status of a ward, was advised to apply for and secure reinstatement of the old war risk insurance policy. The ward consented to the payment of all premiums he had failed to pay since his discharge from service, through the imposition of a substantial lien against the reinstated policy. In fairness to appellant, it should be said that it did not concede permanent and total disability to exist at this time. Neither did the appellee assert such a condition assuming he was able to make an intelligent election. After the reinstatement took place the insured, again apparently acting upon the advice of the Government, surrendered this insurance and took out the five year converted insurance policy.

These facts are hardly consistent with the Government's present position, which denies all liability under the converted policy for total and permanent disability alleged to exist at the time the policy was executed.

They are inconsistent with its present position. If appellee were totally and permanently disabled when he was discharged (a controverted issue), he was not required to pay premiums during such disability. His old policy was then in full force, and disability payments were due under it. Insured waived his right to claim such benefits and in return the Government reinstated the policy. The insured also waived his right to assert the absence of premiums due and consented to the

---

[1] Hicks v. U. S., 65 F.(2d) 517 (C.C.A. 4); U. S. v. Kaminsky, 64 F.(2d) 735 (C.C.A. 5); U. S. v. Stevens, 64 F.(2d) 853 (C.C.A. 8); U. S. v. McIver, 77 F.(2d) 208 (C.C.A. 4); Davis v. U. S., 57 F.(2d) 871 (D.C.Va.); Jordan v. U. S., 36 F.(2d) 43, 73 A.L.R. 312 (C.C.A. 9);

Anderson v. U. S., 36 F.(2d) 45 (C.C.A. 9); Boulger v. U. S., 60 F.(2d) 560 (D. C.Mass.); Schmidt v. U. S., 63 F.(2d) 390 (C.C.A. 8).

[2] U. S. v. Chandler (C.C.A.) 77 F.(2d) 452.

creation of a lien equal to such premiums. The Government was again the gainer. To permit it to take advantage of the insured's waivers and then repudiate liability under its contract would be unjust. It is estopped from so doing.

Moreover, we are unable to understand why the incontestable clause is not binding upon appellant. We have recently had occasion to construe an incontestable clause in two cases involving policies written by private insurance companies.[3] An incontestable clause in a policy written by the Government must be construed the same as one written by private insurance companies. The word "incontestable" means incontestable. Its meaning is well understood when used in life insurance contracts.

Exceptions to incontestable provisions may be made and if they appear in the policy will be given effect. Courts, however, can not add exceptions and thereby defeat the well understood meaning of the word "incontestable."

In the present case two exceptions to the incontestable clause were made. Neither is involved here. We are therefore at a loss to understand why the recovery should be defeated because the condition of the insured's health and mentality at the time the policy was written indicated the possibility, and in fact the likelihood, of early liability arising under the contract.

It is worthy of note that the risk did not cover disabilities existing prior to the date of the policy. This policy covered future total and permanent disability benefits,—monthy disability payments accruing after, not before, the issuance of the policy. It was known, of course, to both sides that one might be suffering from physical afflictions and ailments which could grow better as well as worse. Insurance necessarily deals with the future, the uncertainties of which are known to and may be discounted or anticipated by both insurer and insured. We are unwilling to adopt a construction of an incontestable clause as applied to disability liabilities such as here urged by appellant.

There exists another reason for affirmance of this judgment. The record does not contain the policy and appellant's ground for a directed verdict is the absence of any evidence which would justify a recovery. We are not making the failure of appellant to include all the evidence in its bill of exceptions the sole basis of our decision, however, for we assume that the statute defines and fixes the incontestable provision of the policy in question.

The judgment is

Affirmed.

---

[3] Service Life Ins. Co. v. Weinberg (C. C.A.) 81 F.(2d) 359; State Mutual Life Assur. Co. v. Stapp (C.C.A.) 72 F.(2d) 142.